Chad BONSNESS, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 83–94.

Supreme Court of Wyoming.

Dec. 8, 1983.

---

Leonard D. Munker, State Public Defender, Wyo. Public Defender Program, Sylvia Lee Hackl, Appellate Counsel, Wyo. Public Defender Program, Richard S. Rideout, Asst. Public Defender, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen.; Gerald A. Stack, Deputy Atty. Gen.; John W. Renneisen, Senior Asst. Atty. Gen.; Tom Maurer, Legal Intern, Cheyenne, for appellee.

Before ROONEY, C.J., THOMAS, BROWN, and CARDINE, JJ., and KAIL, District Judge.

BROWN, Justice.

Appellant Chad Bonsness was convicted of possession of a controlled substance after police officers, executing a search warrant, discovered marijuana and other contraband in his apartment. Before and during trial, Bonsness moved to suppress evidence seized during the search due to an allegedly defective affidavit which supported the search warrant. The district court denied the motion to suppress.

We affirm.

On October 29, 1982, Detective Martin Wozniak of the Gillette Police Department arrested and questioned Richard Bernier about an attempted vehicular break-in. During the questioning, Detective Wozniak learned that Bernier had purchased a "baggie of marijuana" from an individual whom he knew as "Chad," and that the purchase occurred at Chad's apartment. Bernier took the detective to the vicinity of appellant's apartment, identified the car outside the apartment as belonging to appellant, and told the detective that appellant would be acquiring more marijuana that same day.

Detective Wozniak checked the registration of the vehicle identified by Bernier as belonging to appellant and found that it belonged to Bonsness' parents. The detective then contacted Detective Tony Shinakonis, who assisted him in obtaining a positive photographic identification of appellant from Bernier. Detective Shinakonis informed Detective Wozniak that he had previously received four reliable and independent reports of appellant selling marijuana to high school students.

Detective Wozniak made an affidavit containing the above-mentioned facts and submitted it to the magistrate. The magistrate found probable cause to believe that appellant's apartment would contain illegal contraband and issued a search warrant. Thereafter a search was conducted, and illegal contraband was found in appellant's apartment. The sole issue on appeal is whether the affidavit in support of the search warrant was sufficient upon its face to support the issuance of the search warrant. We hold that it was.

 In order to issue a proper search warrant, a magistrate must have a "substantial basis" for concluding that probable cause exists. A magistrate's determination of probable cause should be paid great deference. *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233 (1960).

 The Wyoming Constitution requires that a search warrant be issued only upon a showing of probable cause.[1] Probable cause must be supported by an affidavit which supplies the issuing officer with sufficient information to make an independent judgment that probable cause exists for the warrant. *Ostrowski v. State,* Wyo., 665 P.2d 471 (1983). The affidavit in support of

---

1. "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated, and no warrant shall issue but upon probable cause, supported by affidavit, particularly describing the place to be searched or the person or thing to be seized." Art. 1, § 4, Wyoming Constitution.

the warrant, therefore, must include more than bare conclusions of the affiant. Facts which lead the affiant to believe that a warrant is justified must be presented in the affidavit. The test for determining the existence of probable cause is whether a factual situation is sufficient to warrant a reasonably cautious or prudent man to believe that a crime was being committed or that one had been committed. *Smith v. State,* Wyo., 557 P.2d 130 (1976). This test requires that the issuing officer weigh and consider all of the circumstances surrounding the issuance of a warrant.

The United States Supreme Court has recently adopted this view by holding that the sufficiency of a probable cause determination is to be measured by the "totality of the circumstances." *Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527, (1983). Although this decision had not been handed down at the time the magistrate made his finding of probable cause, it does not alter our disposition under Wyoming law. We have never specifically adopted the "two-pronged test" established by the United States Supreme Court in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). We reject the technical and rigid requirements set out in Aguilar and Spinelli. The magistrate acted properly under Wyoming law and the decision in *Illinois v. Gates,* supra, supports this holding.

■ In this case Detective Wozniak investigated and verified several of the assertions made by Richard Bernier before making the affidavit. The detective verified Bernier's identification of the appellant, his car, and his place of residence. Therefore, the affiant's verification of some of Bernier's information increased Bernier's credibility as an informant. As the Supreme Court has said, if "an informant is right about some things, he is more likely right about other things." *Illinois v. Gates,* supra.

Richard Bernier's statement to Detective Wozniak that he had purchased marijuana from "Chad" is a statement against Bernier's penal interest. Such admissions of crime "carry their own indicia of credibility—sufficient at least to support a finding of probable cause to search." *United States v. Harris,* 403 U.S. 573, 583, 91 S.Ct. 2075, 2082, 29 L.Ed.2d 723, 734 (1971). Bernier's statement also shows firsthand knowledge of criminal activity. In *Illinois v. Gates,* supra, the court pointed out that even if there is some doubt as to the informant's motives, his detailed description of criminal activity along with his statement that the event was observed firsthand, entitles his "tip" to carry greater weight than it might otherwise. *Illinois v. Gates,* supra. These factors further enhance the credibility of Bernier's statements.

The statement in the affidavit that Detective Shinakonis had four "reliable and independent" reports that Chad Bonsness was selling marijuana to high school students is a bare conclusion unsupported by underlying facts. There is no doubt the affiant included this statement to strengthen his allegation that appellant was involved in illegal drug activities. This conclusion does not, however, defeat the probable cause which is supported by the other facts in the affidavit. *Croker v. State,* Wyo., 477 P.2d 122 (1970).

Thus, the investigation and verification of Bernier's statements, coupled with the fact that his statements were against his penal interest, and were derived from his firsthand knowledge of the criminal acts in question, support the magistrate's finding of probable cause. We affirm the magistrate's decision.

THOMAS, J., specially concurring.

THOMAS, Justice, specially concurring.

I am satisfied with the resolution of this case as reflected by the decision to affirm in the majority opinion. Because I have some difficulty with the discussion of the statement in the affidavit filed by Detective Wozniak reflecting that Detective Shinakonis had "reliable and independent reports" that the appellant was selling mari-

juana to high school students, I have concluded to set forth my views on that particular matter.

The majority conclusion characterizes that statement as a bare conclusion unsupported by underlying facts. It does not seem that a report of hearsay information is a bare conclusion unsupported by underlying facts as exemplified by the statement in the affidavit in issue in *Nathanson v. United States,* 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933). In the context of the espoused "totality-of-the-circumstances" test this information has a significant role and certainly should not be eschewed. I concede that standing alone the statement would not pass muster under the two-pronged test found in *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), because it does not set forth in the context of the hearsay information the underlying circumstances sufficiently to enable a magistrate to evaluate the validity of the informant's statement and does not furnish the magistrate with information permitting him to evaluate the credibility of the informant. In this instance, however, the information does not stand alone, but is cumulative, although not repetitive, with respect to other information in the affidavit. For me that is the essence of the "totality-of-the-circumstances" test as articulated in *Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), which I regard as an effective restatement of prior Wyoming law.

Consequently, I would certainly permit the magistrate to consider such information under a "totality-of-the circumstances" test in much the same sense that similar information was found acceptable in *Croker v. State,* Wyo., 477 P.2d 122 (1970). It buttressed other information in the affidavit, and at this juncture I probably would simply eliminate the language from Croker indicating that it could be justified because it was not prejudicial to the defendant. I would afford such information an affirmative role under a "totality-of-the circumstances" test.