**Helen June DAVIS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 92–244.

Supreme Court of Wyoming.

Sept. 14, 1993.

Clay B. Jenkins, Sheridan, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., Barbara L. Boyer, Sr. Asst. Atty. Gen., David T. Bonfiglio, Student Intern, Cheyenne, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

GOLDEN, Justice.

Appellant Helen June Davis appeals her conviction for two counts of delivery of methamphetamines and one count of conspiracy to deliver methamphetamines. Appellant raises issues concerning the applicability of the exclusionary rule when a search warrant's supporting affidavit contained false statements and the appropriateness of the court's ordering appellant to pay prosecution costs.

We affirm.

## ISSUES

Appellant stated the issues as:

1. When a police officer obtains a search warrant with deliberately or recklessly false misstatements, should the fruits of the warrant be admitted into evidence?

2. Did the Court abuse its discretion in ordering payment of over $5,000.00 prosecution costs when the only evidence of defendant's ability to pay showed defendant had assessed state tax liabilities of over $48,000.00, had not filed federal income tax returns for several years and earned $6.50 per hour?

The state rephrased the issues as:

1. Probable cause for the search warrant was properly based on the whole affidavit.

2. The court properly ordered payment of prosecution costs based on the defendant's ability to pay.

### FACTS

On November 18, 1991, Michael Becker was arrested in Gillette, Wyoming, on a city bench warrant. He was found to be in possession of a controlled substance, methamphetamines. Later that day he cooperated with the Gillette Police Department, by making a controlled buy of methamphetamines from Leahmae Haynes. On November 21, 1991, Leahmae Haynes made a controlled purchase of methamphetamines from Sue Fischer. Sue Fischer also cooperated with the Gillette Police Department; she stated appellant was her source of supply of the illegal drug. She described how appellant sent her methamphetamines from the state of Georgia via Federal Express, and how she sent money back to appellant, also via Federal Express. In its follow-up investigation, the police department obtained telephone records showing calls between Fischer and appellant's home during the period of the conspiracy. The department also obtained from Federal Express copies of records showing the transactions described by Fischer. On January 8, 1992, an arrest warrant for appellant was issued by the Campbell County Court and forwarded to Georgia.

After receiving the Wyoming arrest warrant for appellant, agents of the Tri–Cities Narcotics Task Force (NTF) in Georgia began to conduct their own investigation. Through subpoenas and other investigative channels, the NTF agents obtained appellant's telephone toll records, showing calls to Sue Fischer. They also obtained records showing appellant's use of an alternative address for the delivery of mail and Federal Express packages. Appellant's connections with other persons known to be involved with drugs were investigated. The NTF agents also confirmed the identity and address of appellant.

On March 2, 1992, a magistrate in Fulton County, Georgia, issued NTF Special Agent Curtis B. Jordan a search warrant. Jordan's supporting affidavit contains statements which the state stipulates are false. The statements are:

> Sgt Rozier stated that phone conversations between June Davis and his informant were recorded. These conversations pretaining [sic] to the shipments of methamphetamines from June Davis to a Location in Gillette, WY.

A search was executed, and authorities recovered appellant's address book containing Fischer's address and phone number and a letter addressed to appellant and her husband discussing the buying and selling of methamphetamines. Appellant requested and received an evidentiary hearing on a motion to suppress this evidence, arguing the false statements rendered the warrant defective. The trial court found the statements were not deliberately false or stated with reckless disregard and denied the motion to suppress. The objection was renewed at trial when Agent Jordan was available to testify and again denied.

A jury found appellant guilty on all three counts. The trial court ordered appellant to pay prosecution costs of $5,231.42.

### DISCUSSION

*Search Warrant*

██ Both the Fourth Amendment of the United States Constitution and Article 1, § 4 of the Wyoming Constitution require

a search warrant to be supported by sworn statement. The difference in the language of the two constitutions has been noted by this court:

> The provision of the Wyoming Constitution covering search and seizure, being Article 1, § 4, is different than that of the United States Constitution and makes it mandatory that the search warrant be issued upon an affidavit. This difference has heretofore been the subject of comment in *State v. Peterson*, 27 Wyo. 185, 194 P. 342, 345, 13 A.L.R. 1284, where it was said:
>
> > "Our Constitution is some stronger, in that it uses 'affidavit' instead of 'oath or affirmation'; the word 'affidavit' requiring the matter to be in written form."

*Smith v. State*, 557 P.2d 130, 132 (Wyo. 1976). Both constitutional provisions require a hearing when a defendant offers proof that false statements were included in the affidavit knowingly and intentionally or with reckless disregard for the truth. Defendant must show these statements were necessary to a finding of probable cause. *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667, 672 (1978); *Hyde v. State*, 769 P.2d 376, 379 (Wyo.1989).

 A suppression hearing on these grounds requires the defendant to establish by a preponderance of the evidence that the affiant gave deliberately false statements or recklessly disregarded the truth. If the defendant meets this burden, then the affidavit's false material is set to one side. If the remaining content is still sufficient to establish probable cause, then it is proper to deny the motion to suppress. If the remaining content is insufficient, then the search warrant is invalid and the exclusionary rule prohibits the admission of the evidence just as if probable cause was lacking on the face of the affidavit. *Hyde*, 769 P.2d at 378–79.

 The appropriate standard in reviewing a denial of a motion to suppress is whether the trial court judge abused its discretion. This court has said repeatedly:

> "[W]e will not interfere with the decision of the district court unless there is a procedural error or unless there is shown to be a clear abuse of discretion." In our determination whether appellant has clearly shown that the district court abused its discretion, we have said countless times "the ultimate issue is whether or not the court could reasonably conclude as it did."

*Love v. Love*, 851 P.2d 1283, 1286 (Wyo. 1993) (quoting *Gaines v. Doby*, 794 P.2d 566, 570 (Wyo.1990)) (citations omitted).

The trial court listened to testimony concerning whether there was intentional falseness or reckless disregard at both the suppression hearing and at trial before admitting or allowing witnesses to refer to the evidence seized during the search.

The state stipulated the statements were false but asserted they were the result of inadvertent mistake. Agent Jordan testified he misunderstood his telephone conversation with Sergeant Rozier and erroneously believed there were taped conversations with appellant. Appellant presented evidence from Jordan's investigation report which referred to only one taped conversation. Appellant claimed this report and Jordan's testimony proved that in December of 1991, Agent Jordan did know that this recorded phone conversation was between a Patty Fresonger and the Wyoming informant (Fischer). This report appears to have been prepared in January. The affidavit for the search warrant was prepared in March. Appellant argues that if these errors were the result of a faulty memory due to this time difference, it was reckless disregard for Agent Jordan not to review his report again before swearing out the warrant.

 This evidence does exhibit errors and false information but fails to show the trial court abused its discretion in determining there was not an intentional falsehood or a reckless disregard for the truth by Agent Jordan. Jordan testified at trial that he believed the Gillette police did have a recorded conversation between their informant (Fischer) and appellant. Appellant did not prove Jordan's misstatement was

anything but an innocent mistake or negligence. Negligence or innocent mistake are insufficient grounds to find the misstatement should be set aside. *Franks,* 438 U.S. at 171, 98 S.Ct. at 2684, 57 L.Ed.2d at 681–82.

Although appellant did not raise the issue whether there was probable cause for this search warrant to issue with the misstatements included, it is clear probable cause existed. A magistrate's determination of probable cause is reviewable, under a "totality of the circumstances test." *Illinois v. Gates,* 462 U.S. 213, 230–31, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527, 543–44 (1983); *Bonsness v. State,* 672 P.2d 1291, 1293 (Wyo.1983).

▮▮▮ In order to issue a search warrant, the judge or magistrate must have a "substantial basis" for concluding that probable cause exists. *Hyde,* 769 P.2d at 378; *Bonsness,* 672 P.2d at 1292. The judge or magistrate must be supplied with sufficient information to support his independent judgment that probable cause exists. *United States v. Shelton,* 742 F.Supp. 1491, 1498–99 (D.Wyo.1990). The affidavit "must include facts sufficient to warrant a reasonably prudent and cautious man to believe that a crime has been committed and that there is evidence of the crime at the place to be searched." *Ostrowski v. State,* 665 P.2d 471, 478 (Wyo. 1983). While mere suspicion is not enough, certainty is not required. *Id.*

▮▮▮ There is a presumption of validity with respect to the affidavit supporting a search warrant. *Hyde,* 769 P.2d at 379. *See also, Franks,* 438 U.S. at 171, 98 S.Ct. at 2684, 57 L.Ed.2d at 682. Furthermore, the affidavit is to be tested by much less vigorous standards than those governing the admissibility of evidence at trial. *Hyde,* 769 P.2d at 380 (quoting *Deeter v. State,* 500 P.2d 68, 70 (Wyo.1972)). The issuing judge's determination should be paid great deference upon appeal. *Hyde,* 769 P.2d at 380; *Bonsness,* 672 P.2d at 1292. Because of the preference for warrants, and the desire to encourage law enforcement personnel to seek warrants, any doubt should be resolved by sustaining the

search. *Gates,* 462 U.S. at 236, 103 S.Ct. at 2331, 76 L.Ed.2d at 546–47; and *see United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). "[T]he preference for warrants is most appropriately effectuated by according 'great deference' to a magistrate's determination." *United States v. Leon,* 468 U.S. 897, 914, 104 S.Ct. 3405, 3416, 82 L.Ed.2d 677, 693 (1984).

▮▮▮ The warrant for Davis' home was properly issued by the Georgia magistrate based on (1) informant Fischer's information which was (2) corroborated by telephone, Federal Express and postal records; (3) a recorded conversation between Fischer and another person living at Davis' home discussing illegal drugs; (4) information that one drug shipment received from Davis arrived in a wet condition indicating that the drugs were recently manufactured at Davis' home; and (5) that the Gillette Police Department had issued an arrest warrant for Davis for these same drug deliveries.

### Prosecution Costs

Appellant next argues that the trial court's decision to assess prosecution costs as part of her sentence was an abuse of discretion and a constitutional violation of her right to a jury trial.

▮▮▮ Our rule is that in the absence of fundamental error affecting a substantial right of the appellant an issue raised for the first time on appeal will not be considered. *Hyde,* 769 P.2d at 381; *Baum v. State,* 745 P.2d 877, 882 (Wyo.1987). Appellant's constitutional claim was not raised in the court below, and not articulated on appeal with cogent argument and pertinent authority and therefore will not be addressed. *E.C. Cates Agency, Inc. v. Barbe,* 764 P.2d 274, 276 (Wyo.1988).

WYO.STAT. § 7–11–505 (Supp.1992) provides:

Payment of the costs of prosecution may be added to and made part of the sentence in any felony or misdemeanor case if the court determines that the defendant has an ability to pay or that a

reasonable probability exists that the defendant will have an ability to pay.

 As appellant acknowledges, the record reveals the trial court made specific findings that appellant has and will have an ability to pay based on her past employment history. Appellant's argument simply states that this is not evidence of an ability to pay. Without more, this argument has no merit. The trial court's assessment of costs was proper.

Finding that there has been no abuse of discretion on either issue presented, we affirm the conviction and sentence.

MACY, Chief Justice, specially concurring.

I concur in the disposition of this case, but I write separately because I am uncomfortable with what appears to be condonation of "false" information contained in an affidavit supporting a search warrant. I recognize that United States Supreme Court decisions interpreting the United States Constitution, and similar decisions by many of our sister states, have held that such a warrant may be upheld and that the fruits of the search may be used as evidence even though some of the material information included in the affidavit has been proven to be false. *See* Wanda Ellen Wakefield, Annotation, *Disputation of Truth of Matters Stated in Affidavit in Support of Search Warrant—Modern Cases,* 24 A.L.R. 4TH 1266 (1983). However, we are free to find a greater protection within the provisions of our own constitution than is afforded under the United States Constitution. *Brenner v. City of Casper,* 723 P.2d 558, 561 (Wyo.1986) (cit-

ing *City of Pasco v. Mace,* 98 Wash.2d 87, 653 P.2d 618, 623 (1983) (en banc)).

I am of the opinion that we should not interpret the Wyoming Constitution in such a manner as to allow the use of material false statements in an affidavit to support a search warrant regardless of whether the statements were made with the intent to deceive or through mere negligence. Our constitution provides: "[N]o warrant shall issue but upon probable cause, supported by affidavit." WYO. CONST. art. 1, § 4. False statements which are material can never be the foundation for probable cause!

I am able to concur in the result here only because I would not characterize the Georgia agent's statement in the affidavit as being "false." The statement at issue here is at most an example of confusion: "CONFUSION is a rather general term suggesting any mixing, blending, adding together that blurs identities and distinctions or any result of such mixing." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 477 (1961). The statement contained in the affidavit confused a body of information concerning taped telephone conversations between an informant and the appellant's sister, as well as other facts pertinent to the overall investigation. Had the material information which was available to the Georgia agent been more clearly stated in the affidavit, the affidavit would have been as sound as it was with the confused version of those facts.