LEHMAN, Justice.
Appellant Judy Elaine Hall (Hall) appeals her convictions for burglary, in violation of W.S. 6-3-301(a)(b), and concealing stolen property, in violation of W.S. 6-3-403(a)(i). Hall challenges the sufficiency of the affidavit and particularity within the search warrant used to seize her property. Hall also asserts that the district court erred when it denied her motion to dismiss the charge of concealing stolen property pursuant to W.R.Cr.P. 48.
We affirm.

ISSUES

Hall phrases the issues as:
1. Did the June 24th, 1992, search warrant fail to particularly describe the thing to be seized, requiring suppression of the engine?
2. Did the officers who executed that warrant search and seize beyond the scope of the authority given to them by the warrant?
3. Was the warrant under authority of which the engine was seized issued without probable cause?
4. Does a “good faith” exception for failure of particularity apply in this case?
5. Did the district court err in refusing to dismiss Count II of the Information for violation of Rule 48, W.R.Cr.P., when approximately two years elapsed from the first arraignment on that charge to trial?
The State rephrases the issues as:
I. Whether the search warrant was supported by sufficient probable cause and was properly executed?
II. Whether the trial court properly denied Appellant’s Motion to Dismiss Count II of the Information pursuant to Rule 48, W.R.Cr.P.?

FACTS

On April 10, 1992, Craig Bush (Bush) discovered that his 1957 Chevrolet sports coupe was missing from the Gillette Campus Vo- *1367 Tech North College shop were it was being rebuilt and stored. Two months later an informant told Bush that Hall had been bragging that she and some Mends had stolen the car, dismantled and disposed of the car body, and then placed the engine into Hall’s truck. Bush contacted the sheriffs department, and a meeting was set up between a detective and the informant. A search warrant, supported by an affidavit detailing the information and corroborated facts supplied by the informant, issued to search for the engine in Hall’s pickup.
Officers located the pickup at Hall’s residence, and confirmed that the engine generally met the description of the stolen engine as set out in the warrant. Unable to locate the serial numbers on the engine to make a positive identification, however, the officers seized the truck and had it taken to a Chevrolet garage. At the garage the engine was dismantled, serial numbers located, and parts identified which matched those of the stolen engine.
In October of 1992, Hall was charged with felony larceny and concealing or disposing of stolen property. In May of 1993, the court granted a prosecution motion to dismiss. The charge of concealing or disposing of stolen property was refiled and again dismissed on November 18, 1993, on the basis that more than 120 days had elapsed since Hall’s arraignment and W.R.Cr.P. 48 mandated dismissal. Thereafter, the police obtained additional information of the burglary and Hall’s involvement. Hall was then charged with burglary and concealing or disposing of stolen property. Hall moved to suppress the engine as evidence and to dismiss the charge of concealing or disposing of stolen property; the district court denied both motions. Trial was held in September of 1994, whereupon Hall was found guilty of both counts. Hall timely appeals.

MOTION TO SUPPRESS

I. Standard of review

Hall argues that the district court erred in denying her motion to suppress the engine as evidence. The standard of review for the denial of a motion to suppress is one of abuse of discretion, which has been said to mean an error of law committed by the court under the circumstances. Morris v. State, 908 P.2d 931, 934 (Wyo.1995); Wilson v. State, 874 P.2d 215, 218 (Wyo.1994); Davis v. State, 859 P.2d 89, 93 (Wyo.1993).
Findings on factual issues made by the district court considering a motion to suppress are not disturbed on appeal unless they are clearly erroneous. Hyde v. State, 769 P.2d 376, 378 (Wyo.1989); Roose v. State, 759 P.2d 478, 487 (Wyo.1988). * * Since the district court conducts the hearing on the motion to suppress and has the opportunity to: assess the credibility of the witnesses; the weight given the evidence; and make the necessary inferences, deductions and conclusions, evidence is viewed in the light most favorable to the district court’s determination. United States v. Werking, 915 F.2d 1404, 1406 (10th Cir.1990).
Morris, at 934 (quoting Wilson, at 218); see also Bravo v. State, 897 P.2d 1303, 1305 (Wyo.1995); Guerra v. State, 897 P.2d 447, 452 (Wyo.1995).
On a motion to suppress evidence obtained by a search warrant, the moving party has the burden of establishing by a preponderance of the evidence that his rights were violated. Guerra, at 452 (citing Davis, 859 P.2d at 93). We defer to the district court’s finding of facts regarding this unless clearly erroneous. Guerra, at 452-53; DeLeon v. State, 894 P.2d 608, 611 (Wyo.1995); Wilson, at 218. Therefore, the distinct court’s denial of Hall’s motion to suppress, and the underlying issues regarding the validity and execution of the warrant and the search and seizure, are reviewed pursuant to an abuse of diseretion-clearly erroneous standard; the ultimate issue, whether a search and seizure occurred in violation of Hall’s Fourth Amendment rights, is a question of law and is reviewed de novo. Wilson, at 218; Guerra, at 452-53.

II. Discussion

The Fourth Amendment to the United States Constitution provides:
The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, *1368 supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
Article 1, § 4 of the Wyoming Constitution has been recognized by this court to be somewhat stronger than its federal counterpart, in that under our Wyoming Constitution it is mandatory that the search warrant be issued upon an affidavit. See Davis, 859 P.2d at 93. Hall attacks the validity of the search warrant issued in this case, arguing: no probable cause existed for the issuance of the search warrant; the search warrant did not particularly describe the item to be seized; and the officers executing the warrant went beyond the scope of authority given to them by the warrant.

A. Sufficiency of Probable Cause

Hall argues that sufficient probable cause did not exist for issuance of the search warrant because in the affidavit there is no indication of the confidential informant’s reliability or basis for his knowledge and only innocent details provided by the informant were corroborated. On appeal, there is a presumption of validity with respect to the affidavit supporting the search warrant. Davis, 859 P.2d at 94; Hyde v. State, 769 P.2d 376, 379 (Wyo.1989). A review of a magistrate’s determination of the sufficiency of probable cause is reviewable under a “totality of the circumstances test.” Davis, 859 P.2d at 94 (citing Illinois v. Gates, 462 U.S. 213, 230-31, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983)); Hyde, 769 P.2d at 379; Bonsness v. State, 672 P.2d 1291, 1293 (Wyo.1983). It is well established that:
In order to issue a proper search warrant, a magistrate must have a “substantial basis” for concluding that probable cause exists. A magistrate’s determination of probable cause should be paid great deference. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d. 697, 78 A.L.R.2d 233 (1960).
The Wyoming Constitution requires that a search warrant be issued only upon a showing of probable cause. Probable cause must be supported by an affidavit which supplies the issuing officer with sufficient information to make an independent judgment that probable cause exists for the warrant. Ostrowski v. State, Wyo., 665 P.2d 471 (1983). The affidavit in support of the warrant, therefore, must include more than bare conclusions of the affiant. Facts which lead the affiant to believe that a warrant is justified must be presented in the affidavit. The test for determining the existence of probable cause is whether a factual situation is sufficient to warrant a reasonably cautious or prudent man to believe that a crime was being committed or that one had been committed. Smith v. State, Wyo., 557 P.2d 130 (1976). This test requires that the issuing officer weigh and consider all of the circumstances surrounding the issuance of a warrant.
Bonsness, at 1292-93 (footnote omitted); see also Davis, 859 P.2d at 94, and Hyde, 769 P.2d at 378-79. Although mere suspicion is not enough, certainty is not required. The affidavit is to be tested by much less vigorous standards than those governing the admissibility of evidence at trial. Davis, at 94.
At the motion to suppress heating, the district court heard testimony from the officer who executed the search warrant and had before it the warrant and supporting affidavit. The district court entered an order finding that, giving great deference to the issuing magistrate and in reviewing the information available and considering the totality of the circumstances, there was sufficient probable cause for issuance of the search warrant. We agree. The record in this case satisfies the “totality of the circumstances” test by the following:
1) Bush reported that his 1957 Chevrolet coupe had been stolen; 2) the confidential informant stated that Hall had bragged that she had stolen the 1957 coupe and cut it up; 3) Bush reported that the coupe contained a 350 cubic inch engine, orange in color, with chrome valve covers; 4) the confidential informant advised that Hall had told him that the 350 cubic engine from the stolen car was in her 1972 black Chevrolet pickup; 5) the confidential informant further advised that he saw an orange engine with chrome valve covers in Hall’s 1972 black Chevrolet pickup; 6) affi-ant verified that a 1972 black Chevrolet *1369 pickup was registered to Hall, and included the license plate number and VIN to the pickup in the affidavit; 7) Bush related that when Hall was his girlfriend, he helped build the 1972 black Chevrolet pickup that she owned; 8) the confidential informant reported that Hall’s pickup was at a certain Mr. Mill’s residence and believed Hall was living there; 9) affiant knew where Mr. Mills lived and believed that Hall was his girlfriend; 10) the confidential informant advised that Hall owned a Harley Davidson motorcycle; 11) Bush reported that Hall used to be his girlfriend and that he had bought her a Harley Davidson motorcycle; 12) the confidential informant stated that Hall owned a pet bobcat; 13) affiant had learned from a deputy with the Campbell County Sheriffs Office that Hall had told him that she owned a pet bobcat; 14) the confidential informant related that Hall had told him that the reason she stole Bush’s car and engine was because she thought Bush had stolen a safe from her and that the Sheriffs Office had found the safe in a field; 15) affiant verified that the Campbell County Sheriffs Office had received a report that a safe had been stolen from Hall and Mr. Mills and that the safe had been recovered in a field.
The affidavit does not contain mere “bare conclusions” but rather establishes corroboration of the confidential informant’s information to the affiant and contains verifiable facts; as such the warrant to search for the stolen engine in Hall’s pickup was properly issued. See Bland v. State, 803 P.2d 856, 859-60 (Wyo.1990) (the detectives verified each piece of information they received, placed those verified facts in the affidavit and presented the affidavit to the issuing officer, who weighed and considered all the circumstances surrounding the issuance of the search warrant under a common-sense and realistic approach).

B. Paiiicularity of the description of the item to be seized

Hall argues that the search warrant and supporting affidavit did not describe the engine with sufficient particularity and, as such, the warrant is invalid. The Fourth Amendment directly expresses that “no Warrants shall issue, but upon probable cause, * * * particularly describiny the place to be searched, and the * * thinys to be seized.” (Emphasis added.) A general search is not permitted; officers executing a warrant are authorized to seize only the property described. Smith v. State, 557 P.2d 130, 135 (Wyo.1976) (Thomas, J., concurring); Mesmer v. United States, 405 F.2d 316, 319 (10th Cir.1969); Stanford v. Texas, 379 U.S. 476, 485, 85 S.Ct. 506, 512, 13 L.Ed.2d 431 (1965); Seymour v. United States, 369 F.2d 825, 826-27 (10th Cir.1966). In Marron v. United States, 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927), the United States Supreme Court shed this light on the particularity requirement:
The requirement that warrants shall particularly describe the things to be seized makes general searches under’ them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant.
The search warrant in question provided for the search and seizure .of a “350 cubic [inch] enginé, orange in color, with chrome valve covers and a red chrome anodized fan” in “a 1972 Chevrolet pickup, black in color, [vehicle identification number] VIN CKE142J143091, bearing Wyoming license plate 17-T-CHEV.” The district court concluded that the search warrant stated with sufficient particularity the thing to be seized and that although the officers did not determine with certainty before the seizure that the engine installed in Hall’s pickup was the stolen one, the officers acted reasonably and clearly seized the property from the pickup which was accurately identified. We find that the district court did not abuse its discretion nor was it clearly erroneous in this conclusion. It was reasonable for the officers to seize the pickup in order to have the engine extracted and to have the engine disassembled to verify that it was indeed the stolen engine.

C. Scope of the search and seizure

Hall asserts the officers exceeded the scope of authority given them by the warrant because the officers did not know *1370 with certainty that the engine seized was in fact the stolen engine. The officers executing the warrant went to Hall’s residence, as set out in the affidavit; went directly to Hall’s 1972 black Chevrolet pickup bearing a vehicle identification number of CKE142J143091 and Wyoming license plate 17-T-CHEV; .opened the hood of the pickup; and searched for the orange 350 cubic inch engine with chrome valve covers. The officers searched nowhere else, nor did they search for anything other than the described engine. Thus, it was not a general search, but rather was a specific, particularized search based upon the authority given to them in the search warrant. See Bland, 803 P.2d at 859 (it is the warrant that gives the authority to conduct the search, and there is no claim that the officers searched a place other than the one particularly described in the warrant).
Having found that the district court did not err in denying Hall’s motion to suppress and did not err in concluding that the warrant and the search and seizure were properly executed, we hold that Hall’s Fourth Amendment rights were not violated. Because we hold as such, we decline to address the issue regarding the “good faith” exception to a faulty or invalid search warrant.

MOTION TO DISMISS COUNT II

Count II of Hall’s Information had been dismissed two times before it was filed for a third time and a trial ultimately held. Hall claims that W.R.Cr.P. 48 mandated dismissal of Count II because almost two years had elapsed between the arraignment upon the first filing and the trial after the third filing. Hall reaches that conclusion by adding the days after each arraignment until dismissal of the first and second charging, to the days between arraignment and trial on the third recharging, to reach 120 days between arraignment and trial. That is not what Rule 48 requires.
Rule 48(b)(8) provides that upon dismissal under the rule, the State is not barred from again prosecuting the defendant for the same offense unless the defendant made a written demand for speedy trial or can demonstrate prejudice from the delay. Implied in that reading is that the 120-day period will begin anew after each filing. To interpret otherwise would make it impossible to dismiss on the 120th day as required in Rule 48(b)(6) and later recharge as allowed in (b)(8) because there would be no time remaining between a new arraignment and the trial.
Hall did not file a written demand for speedy trial before Count II was dismissed the second time. Therefore, within the procedural framework of Rule 48, there was no violation. However, a two-year delay from the first charge and ultimate trial, requires application of the factors considered in the constitutional right to a speedy trial that the rule was designed to enforce. Rule 48 is a procedural rule designed to protect a defendant’s constitutional right to a speedy trial. Included within the rule are the factors to be considered in evaluation of a constitutional speedy trial claim.
This court, as with other procedural rules, will examine claims based upon procedural violations of the rule. However, we cannot ignore allegations of constitutional magnitude by committing ourselves to a procedural straightjacket. To that end, the statement that Rule 48 will provide the exclusive framework for our speedy trial analysis was overly broad. McDermott v. State, 897 P.2d 1295, 1300 (Wyo.1995). Compliance with Rule 48 by litigants and the trial court will go a long way in protecting a defendant’s right to a speedy trial. However, it is also necessary that the courts examine speedy trial issues in light of the constitutional factors which provide the underpinnings of the rule.
In this case, as stated above, there was compliance with Rule 48 in that the defendant did not file a demand for speedy trial before the first or second dismissal, and a trial was held within 120 days of the arraignment on the third recharging of Count II. However, even though the dismissals were in compliance with the rule, the repeated application of 120 days must be examined to assure constitutional compliance.
The four factors to be considered in evaluation of a constitutional speedy trial claim are: (1) the length of delay; (2) the reason for the delay; (3) the defendant’s assertion of his right; and (4) the prejudice *1371 to the defendant. Cosco v. State, 503 P.2d 1403, 1405 (Wyo.1972). Considering all of these factors, we do not find defendant’s right to a speedy trial violated. During the time from the first charge to the final recharging, the investigation was ongoing. Perhaps the State was improvident in its early charging decisions, but it is apparent from the record that information later discovered resulted in a new count being added (Count I) which was included for the first time in the final charge which included Count II from previously dismissed prosecutions.
Prior to the dismissal of Count II from the previously aborted prosecutions, Hall never asserted her right to a speedy trial. Less than vigorous assertions of the right to a speedy trial are given little weight. Yung v. State, 906 P.2d 1028, 1033 (Wyo.1995) (citing Robinson v. State, 627 P.2d 168, 171 (Wyo.1981)). Hall filed a demand for speedy trial only one month before her trial was finally held.
We also agree with the district court’s finding that Hall failed to demonstrate prejudice that would bar the State from prosecuting her for Count II. Hall argues only that she was prejudiced by pretrial anxiety and that the delay itself was prejudicial. This is not the type of prejudice that would mandate dismissing Count II.
It is true that a certain amount of inconvenience, anxiety, and societal disrepute accompanies the filing of any criminal charge. * * * [Appellant] has failed to demonstrate in any way that he suffered prejudice in any extraordinary or unusual manner. * * * [Appellant] has made no showing that he suffered unusual prejudice by the pretrial delay, nor do we find any indication of that in the record.
Wehr v. State, 841 P.2d 104, 114 (Wyo.1992) (emphasis added); see also Grable v. State, 649 P.2d 663, 671 (Wyo.1982). Hall likewise has failed to demonstrate any extraordinary or unusual prejudice caused by the delay. As the district court noted, Hall was charged with Count I for the first time in the recharging of Count II and was concurrently awaiting trial on the new Count I.

CONCLUSION

The warrant for the search and seizure of the engine in Hall’s pickup was valid and properly executed; as such, the district court did not err in denying Hall’s motion to suppress the engine as evidence. Furthermore, the district court did not err in denying Hall’s motion to dismiss Count II, in that Hall made no written demand for speedy trial prior to the dismissal of that count in November of 1993 and failed to demonstrate prejudice due to the delay.
Affirmed.
MACY, J., filed a specially concurring opinion.