Raymond WOLFE, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 99–138.

Supreme Court of Wyoming.

Feb. 29, 2000.

Rehearing Denied March 28, 2000.

Representing Appellant: Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; Diane Courselle, Director of the Wyoming Defender Aid Program; and Caroline Aeed, Student Intern with the Wyoming Defender Aid Program.

Representing Appellee: Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Kimberly A. Baker, Senior Assistant Attorney General; Theodore E. Lauer, Director of the Prosecution Assistance Program; and Becket B. Hinckley, Student Intern with the Prosecution Assistance Program.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

MACY, Justice.

Appellant Raymond Wolfe appeals from his conviction on two counts of aggravated assault. Finding no reversible error, we affirm.

## ISSUES

Wolfe presents these issues:

### ISSUE I

Did the trial court deny Raymond Wolfe his right to a fair trial when it precluded him from presenting evidence of a defense?

### ISSUE II

Did the trial court err when it refused the defense request for a lesser included offense in the jury instructions?

### ISSUE III

Did the prosecutor violate the defendant's right to a fair trial when she biased the jury by openly weeping in front of the jury; do her actions warrant a reversal of the defendant's conviction?

## FACTS

On July 23, 1998, at about 10:30 p.m., Wolfe and two companions entered the Beacon Club in Mills. They were reportedly intoxicated when they arrived and were loud and rambunctious. Wolfe and one of his companions were admonished by bouncers for inappropriate behavior. Wolfe bumped a bouncer forcefully with his elbow twice while walking to and from the restroom, and he was escorted to the door. The bouncers also asked his companions to leave, and they did.

Within moments, Wolfe reentered the bar and demanded the beer that he had already paid for. His companions took him outside once more, but he went in again and assaulted the manager. The manager felt Wolfe striking him, but he did not realize he was hurt until he grabbed Wolfe's hand and saw that it held a knife. When a bouncer came to his aid, the manager put his hand to his face and realized he was bleeding profusely. An emergency room physician later used sutures to close five separate wounds on the manager. Meanwhile, Wolfe continued to struggle with the bouncer until other bar employees and patrons subdued him and summoned the police. The bouncer discovered he had been stabbed in the leg. That wound required twelve sutures to close.

Wolfe was charged with two counts of aggravated assault. He pleaded not guilty, and the case proceeded to trial on December 7 and 8, 1998. The jury returned guilty verdicts on both counts. This timely appeal followed.

## DISCUSSION

### A. Subpoenas and Motion in Limine

In his first assignment of error, Wolfe contends that the trial court abused its discretion when it quashed three subpoenas duces tecum issued by the defense and

granted the prosecution's motion in limine to preclude the defense from introducing evidence about previous disturbances at the bar. Wolfe argues that those decisions prevented him from presenting a theory of self-defense. The state responds that the subpoenas were of no effect because they were not properly issued and that its motion in limine was properly granted because Wolfe had no evidence of self-defense.

 Rulings on pretrial motions are within the trial court's sound discretion, and we will not disturb them absent an abuse of that discretion. *Edwards v. State*, 973 P.2d 41, 45 (Wyo.1999). "The ultimate issue that we decide in determining whether there has been an abuse of discretion is whether or not the court could have reasonably concluded as it did." *State v. McDermott*, 962 P.2d 136, 138 (Wyo.1998). We will reverse for abuse of discretion only if the error "is prejudicial and it affects an appellant's substantial rights." *Candelaria v. State*, 895 P.2d 434, 439–40 (Wyo.1995).

 The issuance and effect of subpoenas in criminal cases are governed by W.R.Cr.P. 17, which provides in relevant part:

(a) *For attendance of witnesses; form; issuance.—Upon the filing of a precipe therefor, a subpoena shall be issued by the clerk under the seal of the court.* It shall state the name of the court and the title, if any, of the proceeding, and shall command each person to whom it is directed to attend and give testimony at the time and place specified therein. The clerk shall issue a subpoena, signed and sealed but otherwise in blank to a party requesting it, who shall fill in the blanks before it is served.

. . . .

(d) *For production of documentary evidence and of objects.* A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. . . . The court may direct that books, papers, documents or other objects designated in the subpoena be *produced before the court* at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents, objects, and portions thereof, to be inspected by the parties and their attorneys.

(Emphasis added.) The quashed subpoenas were issued by Wolfe's attorney, without precipe or court seal, in violation of W.R.Cr.P. 17(a). In addition, the subpoenas directed the recipients to submit evidence directly to Wolfe's attorney, rather than to the trial court, in violation of W.R.Cr.P. 17(d). The trial court quashed the subpoenas on the grounds that no admissible evidence would be produced. We can affirm the trial court's decision for any proper reason supported by the record. *Del Rossi v. Doenz*, 912 P.2d 1116, 1119 (Wyo.1996). We, therefore, affirm the trial court's decision to quash the subpoenas without determining whether admissible evidence might have been forthcoming.

Wolfe next scores the trial court for granting the prosecution's motion in limine. At a motion hearing three days before the start of the trial, the trial court barred Wolfe from referring to prior incidents of violence at the bar. Wolfe provided only a vague idea of the evidence he intended to offer but suggested it would be admissible to challenge the credibility of prosecution witnesses. The trial court disagreed, saying:

It appears to me that the evidence in question is not relevant, or even if it might be considered in some tangential way to be relevant, it should still be included under Rule 403. So I'll grant the Motion in Limine.

Wolfe argues on appeal that such evidence would have been relevant to show a pattern of bouncers at the bar being the first aggressors in violent conflicts, which would have supported a self-defense theory. However, Wolfe's theory of the case was that he did not inflict wounds on the victims. Wolfe contended that the victims attacked him without provocation, beat him, and put the knife in his hand. We, therefore, hold that the evidence was properly excluded as irrelevant. *See Velos v. State*, 752 P.2d 411, 414 (Wyo.1988) (evidence of sexual assault victim's past sexual behavior was properly ex-

cluded as irrelevant when the defendant's theory of the case stressed mistaken identity).

## B. Jury Instruction

Wolfe claims that the trial court abused its discretion by refusing his requested jury instruction on the lesser-included offense of simple assault and battery. The state responds that Wolfe has not preserved the issue for appeal because he did not properly request the instruction in writing. In addition, the state argues that the evidence could not rationally support a conclusion that Wolfe was guilty of simple assault but not guilty of aggravated assault.

■ In order to preserve for appeal an objection to the refusal of a proposed lesser-included offense instruction, a party must present the instruction "in writing with appropriate argument to inform the trial court of the nature and grounds for the instruction on the lesser included offense." *State v. Keffer,* 860 P.2d 1118, 1137 (Wyo.1993). The record shows that Wolfe presented the following proposed instruction to the trial court:

### JURY INSTRUCTION NO.

YOU ARE INSTRUCTED that if you are not satisfied beyond a reasonable doubt that the defendant is guilty of the offense charged, he may, however, be found guilty of any lesser offense, the commission of which is necessarily included in the offense charged, if the evidence is sufficient to establish his guilt of such lesser offense beyond a reasonable doubt.

The offense of _____, with which the defendant is charged, also includes the lesser offense of _____ [and also includes the lesser offense of _____].

Although the defense counsel and the trial court most certainly knew and discussed what would go in the blank spaces of the proposed instruction, there is no question that Wolfe did not present it in accordance with the standard articulated in *Keffer.* We, therefore, hold that the issue was not preserved for appeal.

Even if we assume, *arguendo,* that the jury instruction was properly before this Court, we do not see how a jury could have reasonably concluded that Wolfe was guilty of simple assault and battery but not guilty of aggravated assault. Our standard for reviewing a trial court's refusal of a proffered jury instruction was ably summarized as:

The trial judge must first determine if all the elements of the lesser offense are found within the greater; and, if so, is there some evidence that would rationally permit the jury to find the accused guilty of the lesser and not guilty of the greater offense. If such evidence is present, the instruction should be given.

*Keffer,* 860 P.2d at 1140 (Cardine, J., concurring); *see also Paramo v. State,* 896 P.2d 1342, 1344 (Wyo.1995) ("A district court's failure to give a lesser included offense instruction when such an offense indeed exists, and the evidence presented would support conviction upon that offense, constitutes reversible error").

As applied to the facts at hand, the only difference between the two offenses is the knife. Although Wolfe advanced a theory that he was unarmed, the theory is not evidence. Every eyewitness who testified agreed Wolfe had a knife. There is simply no evidence in the record which supports a conclusion that Wolfe assaulted the victims without a weapon. The trial court, therefore, did not err in refusing to instruct the jury on the lesser-included offense of simple assault and battery.

## C. Mistrial

■ In his final issue, Wolfe contends that the trial court erred by refusing to grant his motion for a mistrial. He based his motion for a mistrial on the first few moments of the prosecutor's closing argument, which are recorded as follows:

Every day that [the manager] goes to get dressed, every day that he goes—I am really upset, because when I look at [the manager], I see the cuts he has. And I didn't think it was going to affect me like this. I am outraged. I am outraged about what this defendant did to him.

( [The prosecutor] is weeping.)

Wolfe claims that the jury was unfairly influenced when the prosecutor cried and spoke of being outraged and upset.

■ This Court reviews denials of mistrial motions stemming from alleged prosecutorial misconduct under our abuse of discretion standard. *Capshaw v. State*, 958 P.2d 387, 391 (Wyo.1998). We have further stated:

> [T]he propriety of any comment within a closing argument is measured in the context of the **entire** argument. A trial court's rulings as to the scope of permissible argument will not be disturbed absent a "clear or patent" abuse of discretion. Even then, reversal is not warranted unless a reasonable probability exists, absent the error, that the appellant may have enjoyed a more favorable verdict.

*Arevalo v. State*, 939 P.2d 228, 230 (Wyo. 1997) (citations omitted).

Following the emotional outburst, the prosecutor regained her composure and continued her argument. She reviewed the evidence for the jurors and urged them to convict Wolfe. Although the prosecutor's display of emotion was improper, given its brevity and the overwhelming evidence of Wolfe's guilt, no reasonable probability exists that Wolfe would have enjoyed a more favorable verdict without it. We, therefore, hold that the trial court did not err in denying Wolfe's motion for a mistrial.

Affirmed.