2011 WY 75

**Beau Christian LEFFERDINK,
Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. S–10–0201.**

Supreme Court of Wyoming.

May 3, 2011.

Representing Appellant: David McCarthy, Laramie, WY.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Leda M. Pojman, Senior Assistant Attorney General. Argument by Ms. Pojman.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1]   Beau Lefferdink challenges the district court's denial of his motion to suppress after he was charged with two counts of sexual exploitation of children.   We affirm.

## ISSUES

[¶ 2]   Lefferdink raises three issues before this Court:

1.   Should the misstatement of fact in the affidavit for a search warrant be stricken as knowingly and intentionally

made or in reckless disregard for the truth?

2. Was [Lefferdink]'s right to confrontation and due process violated for a failure to disclose exculpatory evidence?

3. If stricken, does probable cause for the search of a computer IP address or residence exist within the four corners of the affidavit?

## FACTS

[¶ 3] In the spring of 2009, Albany County Sheriff's Deputy Chris Konija was involved in an undercover operation to monitor LimeWire [1] in an attempt to identify Albany County internet users who were downloading and sharing child pornography.

[¶ 4] Lefferdink's computer IP address showed that it was downloading child pornography, and Deputy Konija began to monitor that address. A search warrant was obtained for Bresnan Communications to identify the user of the IP address. Lefferdink was identified as the owner of the computer that downloaded the illegal material and, consequently, a search warrant was obtained for Lefferdink's address. Lefferdink's desktop computer and laptop computer were both seized. Thereafter, Lefferdink was charged with two counts of sexual exploitation of children in violation of Wyo. Stat. Ann. §§ 6–4–303(b)(iv) and 6–4–303(b)(iii) (LexisNexis 2009).

[¶ 5] On January 12, 2010, Lefferdink filed a motion to suppress evidence, based upon the contention that Deputy Konija knowingly and intentionally, or with reckless disregard for the truth, lied in his affidavits. Also on January 12, Lefferdink filed a motion requesting that the court issue a subpoena duces tecum to the Division of Criminal Investigation requiring the production of all notes, documents, and reports created during its forensic investigation of Lefferdink's computers. The district court granted the motion requesting the subpoena duces tecum. However, a motion to quash was filed, be-

cause the subpoena directed the information to be produced to Lefferdink, and not the court, in violation of W.R.Cr.P. 17(d) and *Wolfe v. State,* 998 P.2d 385, 387 (Wyo.2000). The court granted the motion to quash because the subpoena was not in compliance, but encouraged the issuance of another subpoena in compliance with the law. However, another subpoena was never issued.

[¶ 6] On February 10, 2010, both parties stipulated that the deputy did misstate the time and date in both affidavits of when he first saw Lefferdink's IP address. The court still denied the motion to suppress, however, and found that the misstated time and date was at most a simple mistake. The court ruled that even if the time and date were omitted from the affidavits, they still contained enough information to support the search warrants.

[¶ 7] Lefferdink entered a conditional plea with the understanding of both parties that his intent was to appeal the denial of the motion to suppress. He was sentenced on both counts and ordered to serve concurrent sentences of not less than three years nor more than seven years on each. The sentence was suspended, and he was placed on six years supervised probation for each count and received credit for time served. This appeal followed.

## DISCUSSION

[¶ 8] In his first and third interrelated arguments on appeal, Lefferdink contends that the district court erred when it determined that the deputy's misstatement as to what date and what time he viewed the sharing of the pornographic material was at most negligent or a simple mistake. Furthermore, Lefferdink argues that the court was wrong when it determined that even if the misstatements were stricken, the affidavits provided sufficient probable cause to issue the search warrants.

> In reviewing a trial court's ruling on a motion to suppress evidence, we do not interfere with the trial court's findings of

1. LimeWire is a computer program generally available to the public that allows users to connect to a peer-to-peer network in order to share files without going through any central server or hub.

fact unless the findings are clearly erroneous. We view the evidence in the light most favorable to the trial court's determination because the trial court has an opportunity at the evidentiary hearing to assess the credibility of the witnesses, weigh the evidence, and make the necessary inferences, deductions, and conclusions. The constitutionality of a particular search is a question of law that we review *de novo*. *Sam v. State*, 2008 WY 25, ¶ 9, 177 P.3d 1173, 1176 (Wyo.2008) (citations omitted).

[¶ 9]  Both parties in this case stipulated that the affidavits contained the wrong date and time of Deputy Konija's viewing of the information.

> Both the Fourth Amendment of the United States Constitution and Article 1, § 4 of the Wyoming Constitution require a search warrant to be supported by sworn statement. The difference in the language of the two constitutions has been noted by this court:
>
>> The provision of the Wyoming Constitution covering search and seizure, being Article 1, § 4, is different than that of the United States Constitution and makes it mandatory that the search warrant be issued upon an affidavit. This difference has heretofore been the subject of comment in *State v. Peterson*, 27 Wyo. 185, 194 P. 342, 345, 13 A.L.R. 1284, where it was said:
>>
>>> "Our Constitution is some stronger, in that it uses 'affidavit' instead of 'oath or affirmation'; the word 'affidavit' requiring the matter to be in written form."
>>
>> *Smith v. State*, 557 P.2d 130, 132 (Wyo. 1976). Both constitutional provisions require a hearing when a defendant offers proof that false statements were included in the affidavit knowingly and intentionally or with reckless disregard for the truth. Defendant must show these statements were necessary to a finding of probable cause. *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667, 672 (1978); *Hyde v. State*, 769 P.2d 376, 379 (Wyo.1989).
>
> A suppression hearing on these grounds requires the defendant to establish by a preponderance of the evidence that the affiant gave deliberately false statements or recklessly disregarded the truth. If the defendant meets this burden, then the affidavit's false material is set to one side. If the remaining content is still sufficient to establish probable cause, then it is proper to deny the motion to suppress. If the remaining content is insufficient, then the search warrant is invalid and the exclusionary rule prohibits the admission of the evidence just as if probable cause was lacking on the face of the affidavit. *Hyde*, 769 P.2d at 378–79.

*Davis v. State*, 859 P.2d 89, 92–93 (Wyo. 1993).

[¶ 10]  During the motion hearing, Deputy Konija testified that in drafting the first affidavit for a Bresnan search warrant, he included references to multiple computer files containing child pornography and the dates and times during which he observed them being viewed or shared through Lefferdink's IP address (which Bresnan identified as Lefferdink's after the search warrant was served on Bresnan). The affidavits support the deputy's testimony. In fact, Lefferdink's computers together contained over 700 images of child pornography. Before presenting the Bresnan affidavit to the circuit court, a deputy county attorney suggested to the officer that he include "the worst of the worst" video files in the affidavit in order to simplify the search. In doing so, remaining dates and times of observations were deleted. Deputy Konija testified that he inadvertently misstated the date and time in his affidavit due to the "cutting and pasting" error. The deputy, in fact, observed the pertinent information on July 1, 2009, and stated on direct examination that misstating the error was not intentional.[2]

[¶ 11]  Regarding the deputy's misstatements, the court stated:

> In sum, the Court finds that Deputy Konija failed to ensure that the identified

---

**2.**  The IP activity report was also admitted into evidence and showed the information being shared by Lefferdink on July 1, 2009. The report showed the IP address belonging to Lefferdink also shared another child pornography video file on July 13, 2009, at noon.

video file ... matched up with the identified time (July 13, 2009, at 12:00 p.m.) in his affidavit after he omitted the references to the other video files and dates/times. This failure was, at most, due to Deputy Konija's negligence or a simple mistake. It was not, however, deliberately false or with reckless disregard for the truth. 'Negligence or innocent mistake[s] are insufficient grounds to find the misstatement should be set aside.'" *Davis* [*v. State*, 859 P.2d 89, 94 (Wyo.1993) ], (citing *Franks* [*v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) ] ).

[¶ 12] We agree with the district court. Although the date and time was wrong as it was listed in the affidavits, the misinformation was simply a mistake made by the deputy and was not deliberate. Given that the trial court had an opportunity at the evidentiary hearing to assess the credibility of the witnesses, weigh the evidence, and make the necessary inferences, deductions, and conclusions, we will not interfere with its decision to deny Lefferdink's motion to suppress.

■ [¶ 13] Remaining on the subject of the affidavits, Lefferdink argues that even with the wrong date and times included in the affidavits, probable cause does not exist for the search of an IP address or residence, and thus all evidence must be suppressed.

On this issue we have said:

In reviewing an affidavit in support of an application for a search warrant, this Court is mindful of the fact that there is a strong preference under the law for law enforcement officers to obtain a warrant instead of engaging in a warrantless search. Thus, an affidavit comes to this Court with a presumption of validity. In order to promote the warrant process, and remembering that affidavits are not normally executed by legal technicians, this Court resolves doubtful or marginal cases in this area in favor of sustaining the warrant. Ultimately, our duty on review simply is to ensure that the warrant-issuing judicial officer had a substantial basis for concluding probable cause existed.

*Schirber v. State*, 2006 WY 121 ¶ 5, 142 P.3d 1169, 1172 (Wyo.2006) (internal citations omitted).

... The existence of probable cause justifying the issuance of a search warrant involves a twofold finding. First, the factual situation described in the affidavit must be sufficient to cause a reasonably cautious person to believe that a crime was being committed or that one had been committed. Second, there must be an adequate showing that the fruits of the crime or the evidence thereof are in the structure or area sought to be searched.

*Mueller v. State*, 2009 WY 27, ¶¶ 8–9, 202 P.3d 404, 406 (Wyo.2009).

■ [¶ 14] We previously summarized the standard for a warrant-issuing judicial officer's probable cause determination:

The judicial officer who is presented with an application for a search warrant supported by an affidavit applies a "totality of circumstances" analysis in making an independent judgment whether probable cause exists for the issuance of the warrant. In making that independent judgment, the judicial officer is limited to the four corners of the supporting affidavit. The "totality of circumstances" analysis requires the judicial officer simply "to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."

*Mueller*, ¶ 9, 202 P.3d at 406–07 (citations omitted). "[T]he judicial officer does not measure the affidavit by a 'reasonable doubt' standard or a 'preponderance of evidence' standard; instead, the measure is that the circumstances set forth in the affidavit must amount to more than a mere suspicion, yet need not rise to the level of prima facie evidence of guilt." *Id.* Also,

There is a presumption of validity with respect to the affidavit supporting a search warrant. * * * Furthermore, the affidavit is to be tested by much less vigorous standards than those governing the admissibility of evidence at trial. * * * The issuing judge's determination should be paid great

deference upon appeal. * * * Because of the preference for warrants, and the desire to encourage law enforcement personnel to seek warrants, any doubt should be resolved by sustaining the search.

*Page v. State,* 2003 WY 23, ¶ 9, 63 P.3d 904, 909 (Wyo.2003) (quoting *Hixson v. State,* 2001 WY 99, ¶ 6, 33 P.3d, 154, 156–57 (Wyo. 2001)).

[¶ 15] With the above principles in mind, we do not find there to be any deficiencies in the affidavits. Lefferdink argues that, without the inclusion of a date and time in the affidavits, there is no nexus between his IP address and Bresnan, or between his IP address and the computers located at the residence using the IP address. Yet, even if all references to date and time were stricken from both affidavits in this case, we agree with the State that the remaining content was sufficient to cause a reasonably cautious person to believe that the crime of sexual exploitation of children had been or was being committed by the user of the IP address listed in the affidavits. The affidavits sufficiently indicated that the IP user's identifying information was available from Bresnan, and that evidence of a crime could be found on the computers located in that user's residence.

[¶ 16] When the search warrants were issued here, the issuing judge knew that a person was accessing the internet using a specific IP address; that the same IP address was being used within Albany County; that the user of the IP address possessed and was sharing computer files that were known to depict illegal child pornography; that at least one of the files had been viewed by the deputy; that the computer connected to that specific IP address was home to at least five images of child pornography; and that the deputy discovered a computer sharing child pornography over the internet and exactly how he linked the computer to Lefferdink's residence. Under an objective test, that is adequate information to justify the assertions made by the affiant and relied upon by the judge in issuing the warrant. When taking into consideration the totality of the facts contained in both affidavits, we conclude that the district court did not err when determining the affidavits established a substantial basis for concluding that the searches would produce evidence of a crime.

[¶ 17] Finally, Lefferdink contends on appeal that the State failed to disclose material and favorable evidence pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), which he requested via subpoena duces tecum in preparation for his suppression hearing. As was conceded by Lefferdink, however, this issue was not preserved by his conditional plea, which preserved only the right to challenge the findings of fact and conclusions of law contained in the district court's April 6, 2010 Decision Letter. Furthermore, as the State points out, this issue was not raised during the suppression hearing, and thus, the district court never discussed, let alone determined either way, if a pretrial *Brady* violation occurred. Thus, we are prevented by Lefferdink's own plea agreement from considering this issue on appeal.

## CONCLUSION

[¶ 18] The order of the district court denying Lefferdink's motion to suppress is affirmed. Because Lefferdink did not establish by a preponderance of the evidence that the deputy's misstatement was deliberately false or made with reckless disregard for the truth, and because the affidavits, even without the proper date and time, provided probable cause to issue the search warrants, we affirm the district court. Furthermore, because Lefferdink's conditional plea did not preserve any *Brady* issue, we decline to consider that issue on appeal. The Judgment and Sentence of the district court is affirmed.