# IN THE SUPREME COURT, STATE OF WYOMING

## 2017 WY 82

APRIL TERM, A.D. 2017

July 6, 2017

KENNETH L. FOSEN, JR.,

Appellant
(Defendant),

v.

S-16-0239

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable John R. Perry, Judge*

*Representing Appellant:*

*Nicholas H. Carter and Derek A. Thrall, The Nick Carter Law Firm, PC, Gillette, Wyoming. Argument by Mr. Thrall.*

*Representing Appellee:*

*Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; James M. LaRock, Assistant Attorney General. Argument by Mr. LaRock.*

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Chief Justice.**

[¶1]   Kenneth Fosen entered a conditional guilty plea to charges of delivery of a controlled substance and possession of a controlled substance, reserving his right to appeal the district court's denial of his motion to suppress evidence collected pursuant to a search warrant. On appeal, he contends that the police officer's affidavit used to obtain the search warrant was deficient, that the circuit court judge improperly issued the warrant, and that the search violated his rights under the Fourth Amendment to the United States Constitution and Article 1, Section 4 of the Wyoming Constitution. We affirm.

*ISSUE*

[¶2]   Although Mr. Fosen presents the issues differently, the dispositive issue before us is whether the affidavit established probable cause sufficient to justify the issuance of the search warrant.

*FACTS*

[¶3]   On May 3, 2015, Police Officer Roesner went to Pioneer Manor, a nursing home in Gillette, Wyoming, in response to a report that Gina Jones, a Pioneer Manor resident, had tested positive for THC, the active ingredient in marijuana. Ms. Jones admitted to having eaten a marijuana cookie the day before, and informed Officer Roesner that her friend "Ken" delivered the cookie to her. She described how to find "Ken's" trailer home, and told the officer "Ken" had a Harley Davidson motorcycle and "a Cadillac type vehicle."

[¶4]   Officers Roesner and Vogt located a trailer home they believed was a match to Ms. Jones's description, with a motorcycle and a black Lincoln car parked outside. The motorcycle was registered to Kenneth Fosen. A man who exited the trailer home confirmed that his name was Kenneth. The officers explained why they were there, and Mr. Fosen replied that "if there were marijuana cookies they were no longer around." He denied any involvement, and rejected a request from the officers to search the premises.

[¶5]   Officer Roesner prepared an affidavit and applied for a warrant to search Mr. Fosen's residence, motorcycle, and car. The judge issued the warrant. The ensuing search of Mr. Fosen's residence yielded marijuana, other suspected controlled substances, and a long list of drug-related items and paraphernalia. The search of the motorcycle yielded three baggies containing marijuana cookies or cookie crumbs. No evidence was found in the car.

[¶6]   Mr. Fosen was charged with three counts of possession of a controlled substance, one count of possession of a controlled substance with intent to deliver, and one count of

1

delivery of a controlled substance. He initially pled not guilty to all of the charges. Prior to trial, Mr. Fosen filed a motion to suppress all of the evidence obtained in the search. He contended that the affidavit presented in support of the warrant did not establish probable cause justifying the search. Following a hearing, the district court denied the motion.

[¶7] Mr. Fosen subsequently reached a plea agreement with the State. He agreed to plead guilty to two charges, delivery of a controlled substance (marijuana) and possession of a controlled substance (morphine), and the State agreed to dismiss the remaining charges. The guilty pleas were conditional, pursuant to W.R.Cr.P. 11(a)(2), and he retained the right to appeal the denial of his motion to suppress. The district court accepted the conditional guilty pleas, and sentenced Mr. Fosen to concurrent sentences of three to six years in prison, suspended in lieu of six years of supervised probation. This timely appeal followed.

## STANDARD OF REVIEW

[¶8] Our standard of review is *de novo*. *Snell v. State*, 2014 WY 46, ¶ 10, 322 P.3d 38, 41 (Wyo. 2014); *TJS v. State*, 2005 WY 68, ¶¶ 9-10, 113 P.3d 1054, 1056-57 (Wyo. 2005).

## DISCUSSION

[¶9] Article 1, Section 4 of the Wyoming Constitution provides as follows:

> The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated, and no warrant shall issue but upon probable cause, supported by affidavit, particularly describing the place to be searched or the person or thing to be seized.

The Fourth Amendment to the United States Constitution also protects against unreasonable searches and seizures, stating that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The Wyoming Constitution requires an affidavit, while the federal constitution requires only an oath or affirmation and, on this basis, we have recognized that the protection afforded by our state constitution is "somewhat stronger than its federal counterpart." *Bouch v. State*, 2006 WY 122, ¶ 13, 143 P.3d 643, 648 (Wyo. 2006) (citing *Smith v. State*, 557 P.2d 130, 132 (Wyo. 1976)). Because the Wyoming Constitution requires an affidavit, "we have held that sufficient factual support for issuance of the warrant must be found within the affidavit." *Bouch*, ¶ 13, 143 P.3d at 648.

2

[¶10] Officer Roesner's affidavit sought a warrant to search the premises at 602 East Laramie Street, Lot 10, described as a "white single wide mobile home," a Harley Davidson motorcycle with license plate 17-MC-1372, and a black Lincoln Town Car with license plate 17-PC-53703. As facts supporting issuance of the warrant, Officer Roesner stated:

> On 05032015 at 1835 hours, I responded to Pioneer Manor, 900 W. 8th St, for a report that a client, Gina Jones, had a positive urinalysis for THC and had admitted to eating marijuana cookies a friend brought to her. I contacted Gina along with staff at Pioneer Manor. Gina admitted to having a marijuana cookie yesterday and stated her friend brought some to her room earlier in the day on 5/3/15 and she told him she did not want the marijuana cookies. Gina informed me the friend's name was "Ken". She described his residence to me. Gina stated there is a white building at 2nd St and Laramie. If you turn on Laramie it would be the 2nd row of trailers. The trailer is white. I was informed "Ken" had a Harley Davidson motorcycle and a Cadillac type vehicle. She did not know which one he had been driving.
>
> Officer Vogt and I went to the area described and located 17-MC-1372 parked outside of trailer 10. The registration came back to Kenneth Fosen. Also there was a black Lincoln car, registration 17-PC-53703.
>
> While driving by a male subject came outside. I asked if he was Kenneth and he stated he was not. I asked if Kenneth was there and at that time another male exited the residence who acknowledged he was Kenneth. I informed Kenneth of the reason I was at his residence. Kenneth stated if there were marijuana cookies they were no longer around. Kenneth then denied any involvement. Kenneth denied consent to search his residence.
>
> I informed Kenneth based on the information provided I was going to apply for a search warrant for his property.

[¶11] Mr. Fosen challenges this affidavit in several respects. He claims that it did not contain facts sufficient for the circuit court judge to determine that probable cause existed to justify issuance of the search warrant. He claims that, because the "white building at 2nd St and Laramie" does not exist, the affidavit did not particularly describe the place to be searched, and Officer Roesner's statement that he and Officer Vogt "went to the area

3

described" was misleading.

[¶12] Search warrants may issue only upon a showing of probable cause, and probable cause exists when an affidavit contains facts "sufficient to cause a reasonably cautious or prudent person to believe that a crime was being committed or that one had been committed." *TJS*, ¶ 12, 113 P.3d at 1057. "The judicial officer who is presented with an application for a search warrant supported by an affidavit applies a 'totality of circumstances' analysis in making an independent judgment whether probable cause exists for the issuance of the warrant." *Lefferdink v. State*, 2011 WY 75, ¶ 14, 250 P.3d 173, 177 (Wyo. 2011) (citing *Mueller v. State*, 2009 WY 27, ¶ 9, 202 P.3d 404, 406-07 (Wyo. 2009)). The affidavit, within its four corners, "must supply the issuing officer with sufficient information to make an independent judgment that probable cause exists for the warrant." *Bouch*, ¶ 13, 143 P.3d at 648 (citing *TJS*, ¶ 12, 113 P.3d at 1057; *Bonsness v. State*, 672 P.2d 1291, 1292-93 (Wyo. 1983)). The warrant is properly issued if the judicial officer makes the "practical, common sense decision" that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Lefferdink*, ¶ 14, 250 P.3d at 177 (quoting *Mueller*, ¶ 9, 202 P.3d at 407).

[¶13] When we review the sufficiency of a search warrant affidavit on appeal, we also consider the affidavit in its totality, interpreting it in a realistic and common sense manner to determine if it presents probable cause supporting the issuance of the warrant. *Snell*, ¶ 10, 322 P.3d at 41 (citing *TJS*, ¶ 10, 113 P.3d at 1057; *Rohda v. State*, 2006 WY 120, ¶¶ 3-4, 142 P.3d 1155, 1158 (Wyo. 2006)). Because there is a "strong preference under the law for law enforcement officers to obtain a warrant instead of engaging in a warrantless search," we begin with the presumption that the warrant and supporting affidavit are valid. *Schirber v. State*, 2006 WY 121, ¶ 5, 142 P.3d 1169, 1172 (Wyo. 2006). We resolve doubtful or marginal cases by sustaining the search. *Bouch*, ¶ 6, 143 P.3d at 646; *TJS*, ¶ 10, 113 P.3d at 1057.

> Probable cause justifying issuance of a search warrant involves a twofold finding. First, the factual situation must be sufficient to warrant a reasonably cautious or prudent person to believe that a crime was being committed or that one had been committed. Second, there must be an adequate showing that the fruits of the crime or the evidence thereof are in the area or structure sought to be searched. *Cordova* [*v. State*, 2001 WY 96,] ¶ 12, 33 P.3d [142,] 148 [(Wyo. 2001)].

*Bouch*, ¶ 15, 143 P.3d at 648.

[¶14] As to the first finding, there is no dispute that the affidavit contained sufficient information allowing the circuit court judge to believe that a crime had been committed. The affidavit stated that the informant told Officer Roesner she had eaten a marijuana

4

cookie provided by "Ken." She also told the officer that "Ken" had brought more marijuana cookies to her room on the day of the interview. This admission that she had possessed and used marijuana was a statement against her penal interest, and "[s]uch admissions of crime 'carry their own indicia of credibility – sufficient at least to support a finding of probable cause to search.'" *Bonsness*, 672 P.2d at 1293 (quoting *United States v. Harris*, 403 U.S. 573, 583, 91 S.Ct. 2075, 2082, 29 L.Ed.2d 723 (1971)).

[¶15] As to the second prong, the question is closer. At the hearing on the motion to suppress, Mr. Fosen established that Second Street and Laramie Street in Gillette, Wyoming, do not intersect. Thus, the location first mentioned in the affidavit – "a white building at 2nd St and Laramie" – does not exist. Because this location does not exist, Mr. Fosen insists that the affidavit does not adequately indicate that evidence or fruits of the crime could be found in the place to be searched. Further, he insists that the affidavit does not meet the constitutional mandate of particularly describing his residence as the place to be searched.

[¶16] We, however, review the affidavit as a whole and consider the totality of the circumstances. The affidavit also states that the informant said to "turn on Laramie" and go to a white trailer in the second row of trailers. When Officer Roesner stated that he and Officer Vogt "went to the area described," the realistic and common sense interpretation is that he went to a white trailer in the second row of trailers along Laramie Street. The informant further indicated that Ken had a "Harley Davidson motorcycle and a Cadillac type vehicle." At the area described, Officer Roesner located a motorcycle that was registered to Mr. Fosen and a black Lincoln. The application sought permission to search a Harley Davidson motorcycle. The reasonable assumption from the affidavit is that the motorcycle observed at the location was a Harley Davidson registered to Mr. Fosen. We also agree with the observation in the district court's decision letter that a "reference to a 'Cadillac-type' vehicle would, to most people, include a Lincoln." In addition, the informant said the supplier of the marijuana cookie was named Ken. Consistent with that information, a man exited the trailer and told Officer Roesner that his name was Kenneth. Applying a realistic and common sense interpretation, the information contained in the affidavit appears to describe with sufficient particularity the place to be searched.

[¶17] Mr. Fosen contends that while the application for the search warrant lists the address of his residence, 602 East Laramie Street, Lot 10, the affidavit's description of the place to be searched lacks any connection to that address. Again, we find that Mr. Fosen's argument focuses on a single detail rather than the totality of the circumstances. In *United States v. Hunter*, 86 F.3d 679, 681 (7th Cir. 1996), the court stated that an affidavit's failure to state explicitly that a specified address was the suspect's residence, "by itself, is not a fatal flaw." In *Hunter*, the affidavit referred several times to the suspect's residence and made no reference to any other place connected to the suspect. Although the affidavit did not explicitly state that this was the

suspect's residence, that was "the only logical conclusion supported by a common-sense reading of the affidavit." *Id*. at 682. Similarly, while Officer Roesner's affidavit does not explicitly assert that the address to be searched is Mr. Fosen's residence, it mentions "residence" several times. The white trailer described by the informant was referred to as "his residence." The affidavit also mentions that Mr. Fosen "exited the residence" and that he denied consent to search "his residence." Officer Roesner informed Mr. Fosen that he was going to apply for a search warrant for "his property." No other building is referred to in the affidavit and the "premises" to be searched was described as a "white single wide mobile home." A common sense reading of the affidavit leads to the inescapable conclusion that the premises identified as "602 E. Laramie lot 10" was the "residence" mentioned in the affidavit.

[¶18] Mr. Fosen further asserts that the affidavit was inadequate to show that evidence of the crime could be found in the location sought to be searched. Again, he focuses on the informant's reference to the non-existent intersection of Second Street and Laramie Street. He also claims that the informant's reference to a "Cadillac type vehicle" was too vague to provide a connection with Mr. Fosen's black Lincoln. Similarly, he claims that the informant's reference to a Harley Davidson motorcycle is insufficiently connected to the fact that there was a motorcycle parked outside his residence. In each instance, Mr. Fosen asserts that the affidavit did not contain enough information to show that evidence of the crime might be found at his residence, in his car, or on his motorcycle.

[¶19] Mr. Fosen's individualized analyses of the location, the car, and the motorcycle are contrary to our "totality of circumstances approach," by which we "consider all of the material evidence together, and not in piecemeal fashion." *Rohda*, ¶ 11, 142 P.3d at 1164. The informant provided sufficient information to establish that Mr. Fosen had committed a crime. He brought marijuana cookies to her on May 2nd, and she ate one, resulting in a positive urinalysis for THC. He also brought marijuana cookies the next day, May 3rd. Officer Roesner visited Mr. Fosen's residence and sought the search warrant on that same day. "Temporal proximity should also be considered. Information contained in the affidavit concerning the timeframe of the informant's involvement assists . . . in determining whether the items to be seized are likely to be present at the location described in the warrant." *TJS*, ¶ 18, 113 P.3d at 1060. *See also Cordova*, ¶ 21, 33 P.3d at 150 ("[T]he facts and circumstances set forth in an affidavit submitted in support of the issuance of a search warrant should be current and timely so as to indicate that the premises, person, place, or thing to be searched presently contains the fruits or evidence of the crime.") (citing *United States v. Johnson*, 461 F.2d 285, 286 (10th Cir. 1972)). The fact that Mr. Fosen had so recently delivered marijuana cookies to the informant makes it reasonably probable that evidence of those marijuana cookies could be found on Mr. Fosen's motorcycle or in his car.

[¶20] Further, the affidavit indicates that Officer Roesner did not rely solely on the information provided by the informant before seeking the warrant. *See TJS*, ¶ 21, 113

6

P.3d at 1060. He corroborated the details provided by the informant by locating the white trailer in the second row of trailers on Laramie Street, confirming that a motorcycle registered to Mr. Fosen and Cadillac type vehicle were parked there, and verifying that it was the residence of a man named "Kenneth." The totality of the information set forth in the affidavit, when considered in a realistic and common sense manner, provided facts sufficient to support a reasonable belief that a crime had been committed, and to show a fair probability that the fruits or evidence of the crime could be found in Mr. Fosen's residence, on his motorcycle, or in his car. We conclude that the affidavit established probable cause supporting the issuance of the search warrant.

[¶21] Mr. Fosen's final contention – that Officer Roesner's statement that he and Officer Vogt "went to the area described" was misleading – is in many respects a reiteration of his assertion that the location first described in the affidavit does not exist. To the extent this may be viewed as a new issue, Mr. Fosen admits in his brief that it was not raised at the suppression hearing. "[W]e generally decline to review issues raised for the first time on appeal." *Kordus v. Montes*, 2014 WY 146, ¶ 10, 337 P.3d 1138, 1141 (Wyo. 2014). There are exceptions to this general rule. *Id*. Mr. Fosen does not assert that any exception applies here.

[¶22] Affirmed.